ALLEGANY COUNTY.—HON. C. A. FARNUM, SURRO-
GATE.—January, 1885.

MATTER OF CORTWRIGHT.

*In the matter of the probate of the will of* PHILENA
A. CORTWRIGHT, *deceased.*

Code Civ. Pro., § 2527, providing, among other things, that a Surrogate,
where he has reasonable grounds to believe that a person to be cited is
mentally incapable to protect his rights, although not judicially declared
to be incompetent, may "make an order requiring that a copy of the
citation be delivered, in behalf of that person, to a person designated
in the order," authorizes an *additional* service; the regular and ordi-
nary service is not dispensed with. Hence, where application was
made for an order for such delivery, in behalf of a resident of another
state, alleged to be of unsound mind,—
*Held,* upon granting the application, that, in order to acquire jurisdiction,
the citation must *also* be served upon the non-resident, by publica-
tion, or by delivering to him personally a copy, without the State,
pursuant to § 2524.

APPLICATION, under Code Civ. Pro., § 2527, for an
order directing delivery of a copy of a citation, in
behalf of one incompetent, to a person designated.
The facts appear in the opinion.

C. S. DWINELLE, *for petitioner.*

THE SURROGATE.—Upon the return of the citation
herein, it appears that Lorenzo Cortwright, who is one
of the heirs at law and next of kin of the testatrix,
resides in Kansas, and has not been served with the
citation.

The petitioner now presents an affidavit tending to
show that the absent party is of unsound mind and

mentally incapable adequately to protect his rights, although he has not been judicially declared to be incompetent to manage his affairs.

He asks the Surrogate, under § 2527 of the Code of Civil Procedure, to make an order requiring that a copy of the citation be delivered, in behalf of Lorenzo, to a person designated in the order.

The Surrogate is willing to grant the order asked for, but the petitioner now insists that, if the citation be served on the person designated in the order, this court will acquire jurisdiction of the absent person, although he be not in fact served with the citation. He wishes to serve the citation upon the person to be designated in the order, and then proceed with this matter.

There is no foundation for such a contention. Until a person is judicially declared to be incompetent to manage his affairs, he must be treated, so far as the service of process is concerned, as if he was competent, although he be in fact incompetent.

It was not the intention of the legislature, in enacting § 2527, to take away any safeguard for the protection of one not competent to protect himself, but to give the incompetent person additional protection. Service of the citation upon him personally if within the State, or by publication if without the State, is not dispensed with. The petitioner will have to take an order, under § 2524 of the Code of Civil Procedure, for service of the citation upon Lorenzo Cortwright, by publication or by delivering to him personally without the State a copy of the citation herein. If he wish an order for the *additional* service of the cita-

tion upon a person to be designated in the order, he may take it, and in such case the citation should be served at least eight days before the return day thereof.